FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 6 – 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00843-OES

LARRY J. RUSSOM, SR.,

      Plaintiff,

v.

THE STATE OF COLORADO,
GOVERNOR BILL OWENS,
ARAPAHOE COUNTY D.A. JAMES J. PETERS,
OFFICER PETE PAGE OF AURORA P.D.,
OFFICER WARREN MILLER OF AURORA P.D., and
ATTORNEY GENERAL JOHN SUTHERS,

      Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Larry J. Russom, Sr., is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Russom has filed *pro se* an amended complaint pursuant to 42 U.S.C. § 1983 (2003) alleging that Defendants violated his rights under the United States Constitution. He asks for money damages as relief.

The Court must construe the amended complaint liberally because Mr. Russom is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Russom will be ordered to file a second amended complaint.

Mr. Russom alleges that on March 31, 2000, the Aurora Police Department swat

team conducted a "no knock" raid on his home pursuant to a search warrant to search for drugs. He further alleges that Defendant Officer Pete Page shot him at close range three times in the chest, in the side of the chest, and in the right arm with a fully loaded automatic machine gun. He does not appear to be attacking his conviction and sentence. Rather, he appears to seek money damages for the injuries he suffered in the no-knock raid.

Mr. Russom is suing the State of Colorado, Governor Bill Owens, Arapahoe County District Attorney James J. Peters, Officers Pete Page and Warren Miller of the Aurora Police Department, and Attorney General John Suthers.

Mr. Russom is suing an improper party. He may not sue the State of Colorado for money damages. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the State of Colorado is an improper party to this action.

The amended complaint also is deficient because Mr. Russom fails to allege facts that demonstrate the personal participation by the remaining Defendants, i.e., Mr. Peters, allegedly the lead investigator of Plaintiff's injuries; Officer Miller, who allegedly applied for the search warrant; and Governor Owens and Mr. Suthers, who appear to be sued in their supervisory capacities as state officials. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Russom must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant such as Governor Owens or Mr. Suthers may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Russom will be ordered to file a second amended complaint in which he alleges specific facts to demonstrate how each Defendant personally participated in the asserted constitutional violations. Mr. Russom is reminded that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Russom should name as Defendants in the second amended complaint the individuals he believes actually violated his rights. Accordingly, it is

3

ORDERED that Mr. Russom file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Russom, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Russom submit sufficient copies of the second amended complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Mr. Russom fails within the time allowed to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction, the action will be dismissed without further notice. It is

FURTHER ORDERED that the following motions are denied as premature: the motions for volunteer counsel to represent Plaintiff filed on May 6 and 23, 2005, and the motion for personal services filed on May 23, 2005.

DATED at Denver, Colorado, this 6 day of July, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-00843-OES

Larry J. Russom, Sr.
Reg. No. 114454
Crowley County Corr. Facility
6564 State Hwy. 96 – Unit 5a-7a-213
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7-6-05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk